IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JUDITH HURT-WHITMIRE, GDC NO. 836510, Plaintiff, | REMOVAL ACTION 28 U.S.C. § 1442; 28 U.S.C. § 1443 |
| v. | |
| STATE OF GEORGIA and SUPERIOR COURT OF RABUN COUNTY, Defendants, | CIVIL ACTION NO. 2:09-CV-0218-RWS |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

AO 72A
(Rev.8/82)

II. Discussion

On November 19, 2008, Plaintiff was convicted of two counts of forgery in the first degree and one count of theft by deception in the Superior Court of Rabun County. (Doc. 1 at 2.) Plaintiff was sentenced to eight years imprisonment. (www.dcor.state.ga.us).

Plaintiff seeks to have her state criminal case removed to this Court. (Doc. 1 at 3.) Plaintiff maintains that she is an agent of the Internal Revenue Service ("IRS"), and is, therefore, entitled to have her state criminal case removed to federal court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1 at 4.) Plaintiff also alleges that the state courts will not recognize her "federal official immunity." (Id.) Consequently, Plaintiff claims that she is entitled to have her state court case removed under 28 U.S.C. § 1443(1). (Doc. 1 at 4.) Plaintiff states that she "will give written notice of the filing of this action to Defendants." (Id. at 5.)

Plaintiff previously sought to have her state criminal case removed to this Court. See Hurt-Whitmire v. Georgia, Civil Action No. 2:08-CV-0224-RWS (N.D. Ga. Nov. 19, 2008), aff'd, 336 F. App'x 882 (11th Cir. July 7, 2009). In affirming this Court's denial of Plaintiff's previous attempt to remove her state criminal case, the United States Court of Appeals concluded, inter alia, that

3

Plaintiff was employed by a private tax preparation company, and such employment did not make her "a federal officer of the IRS or a person acting under an IRS officer." Hurt-Whitmire, 336 F. App'x at 883. Therefore, Plaintiff could not have her state criminal case removed under § 1442(a)(1). Hurt-Whitmire, 336 F. App'x at 883. Plaintiff has not alleged new facts which would suggest that she was, in fact, a federal agent. Accordingly, Plaintiff may not have her state criminal case removed under § 1442(a)(1).

Plaintiff also seeks to have her state case removed pursuant to § 1443(1). Section 1443(1) provides for the right of removal of a state criminal case when an individual "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." Because Plaintiff is not a federal agent, she is not entitled to any potential federal immunity. Thus, Plaintiff has failed to satisfy § 1443(1), and she may not have her state criminal case removed under that statute.

III. Conclusion

**IT IS ORDERED** that, because Plaintiff is not entitled to remove her state criminal case to this Court, her motion for leave to file second notice of removal

4

of action from state court [Doc. 3] is **DENIED**. Plaintiff's emergency motion for stay and issuance of writ of habeas corpus and/or bond [Doc. 4] is **DENIED AS MOOT**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**. As Plaintiff may have filed a notice of removal in state court, this action is hereby **REMANDED** to the Superior Court of Rabun County.

**IT IS SO ORDERED**, this 31st day of December, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)