# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| JUDITH HURT-WHITMIRE, | : | |
| GDC NO. 836510, | : | REMOVAL ACTION |
|     Plaintiff, | : | 28 U.S.C. § 1442; |
| | : | 28 U.S.C. § 1443 |
|     v. | : | |
| | : | CIVIL ACTION NO. |
| STATE OF GEORGIA and | : | 2:09-CV-0218-RWS |
| SUPERIOR COURT OF RABUN | : | |
| COUNTY, | : | |
|     Defendants, | : | |

## ORDER AND OPINION

On January 4, 2010, Plaintiff's motion for leave to file second notice of removal of action from state court was denied. (Doc. 7.) On February 2, 2010, Plaintiff's motion for reconsideration was denied. (Doc. 10.) Plaintiff has now filed a motion to set aside order for extraordinary circumstances. (Doc. 11.) Specifically, Plaintiff contends that newly discovered evidence that she could not have previously obtained, despite using reasonable diligence, demonstrates that her state criminal case should be removed to this Court. (*Id.* at 1-2.)

Pursuant to Fed. R. Civ. P. 60(b)(2), a party may obtain relief from an adverse judgment by providing "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. The newly discovered evidence

must be sufficiently material so as to alter the previous judgment. *See Liquidation Commission of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1358 (11th Cir. 2008).

In her motion for leave to file second notice of removal of action from state court, Plaintiff claimed she was wrongfully convicted of two counts of forgery in the first degree and one count of theft by deception in the Superior Court of Rabun County, because she is an employee of the Internal Revenue Service ("IRS"). (Doc. 3 at 4.) According to Plaintiff, her employment with the IRS made her immune from prosecution in state court, and, therefore, her state criminal case should have been removed to federal court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 3 at 4.)

In denying Plaintiff's motion to remove her state criminal case, this Court relied, in part, on the findings and conclusions of the United States Court of Appeals for the Eleventh Circuit, when it affirmed this Court's denial of Plaintiff's first attempt to remove her state criminal case. *See Hurt-Whitmire v. Georgia*, Civil Action No. 2:08-CV-0224-RWS (N.D. Ga. Nov. 19, 2008), *aff'd*, 336 F. App'x 882 (11th Cir. July 7, 2009). The Eleventh Circuit found that Plaintiff was employed by a private tax preparation company. *Hurt-Whitmire*, 336 F. App'x at

2

883.  However, such employment did not make her "a federal officer of the IRS or a person acting under an IRS officer."  *Id.*  Therefore, Plaintiff could not have her state criminal case removed to federal court.  *Id.*  This Court also found that Plaintiff did not allege new facts in her second attempt to remove her state criminal case which would suggest that she was, in fact, an employee of the IRS.  (Doc. 7 at 4.)

In this motion to set aside order, Plaintiff provides the following new evidence:  (1) a letter from the IRS to Plaintiff showing that her private tax preparation company could continue to be "an Authorized IRS e-file Provider for the 2007 filing season"; (2) a copy of her Georgia driver's license and license to practice before the IRS; (3) a copy of IRS regulations for enrolled agents and others who practice before the IRS; and (4) a copy of a power of attorney and declaration of representation which allowed her to represent a husband and wife before the IRS.  (Doc. 11-2, Appendix A.)  According to Plaintiff, these exhibits demonstrate that she is an agent of the IRS.

Exhibits one, two and four would have been in Plaintiff's possession in order to engage in her tax preparation business.  Exhibit three, a copy of IRS regulations, should have been in Plaintiff's possession in order to comply with the

rules for preparing taxes for others. In other words, these exhibits are not newly discovered evidence. Additionally, these exhibits only show that Plaintiff was authorized to operate a private tax preparation company.

Plaintiff has failed to demonstrate that she was a federal officer of the IRS at the time of her state court convictions. Plaintiff's motion to set aside order should be denied.

**IT IS ORDERED** that Plaintiff's motion to set aside order for extraordinary circumstances [Doc. 11] is **DENIED**.

**IT IS SO ORDERED**, this  9th  day of April, 2010.

**RICHARD W. STORY**
United States District Judge

4